Rex Mann (*pro hac vice*)
RMann@winston.com
Ahtoosa Dale (*pro hac vice*)
ADale@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Telephone:   (214) 453-6500

Brian E. Ferguson (*pro hac vice*)
BEFerguson@winston.com
Lauren M. Rennecker (*pro hac vice*)
LRennecker@winston.com
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Telephone:   (202) 282-5000

*Attorneys for Plaintiff*
QIAGEN GMBH

Edward R. Reines
Edward.reines@weil.com
Derek C. Walter
Derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendant*
ZYMO RESEARCH CORPORATION

[Additional counsel on next page]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIAGEN GMBH,<br><br>            Plaintiff,<br><br>      vs.<br><br>ZYMO RESEARCH CORPORATION,<br><br>            Defendant. | Case No. 8:24-cv-01832-FWS-DFM<br><br>Hon. Fred W. Slaughter<br><br>**STIPULATED PROTECTIVE ORDER** |

Evan D. Lewis (*pro hac vice*)
EDLewis@winston.com
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002-2925
Telephone:   (713) 651-2600

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700

Richard (Rick) Quarles (*pro hac vice*)
rquarles@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone:   (704) 350-7700

*Attorneys for Plaintiff*
QIAGEN GMBH

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in subsection 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: all Discovery Material, and all information contained therein, and other information designated as confidential, to the extent that the Party or non-party designating the Discovery Material as confidential in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable state or local consumer privacy protective laws, the disclosure of which would, in the good faith judgment of the Producing Party (defined below) be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients.

1

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, as well as their immediate support staff, provided that disclosure is only necessary to perform such work, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor,[1] and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information."  Nothing in this subsection shall preclude counsel from giving advice to his or her client in this litigation that

---

[1]    The Parties retain the right to object to a past employee of a Party or of a Party's competitor under subsection 7.5.

includes a general evaluation of Highly Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulated Protective Order.

2.8    <u>In House Counsel</u>: One designated attorney who is an employee of a Party to this action and has no role in competitive decision making. In House Counsel does not include Outside Counsel of Record or any other outside counsel.  A Party may, for good cause, replace a designated In House Counsel attorney.

2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as staff of such counsel to whom it is reasonably necessary to disclose or allow access to Protected Material for this litigation.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Party Representative</u>: two (2) designated representatives of a Party (e.g., officers, directors, and employees) who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions.

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action, including in depositions, document productions or otherwise, or the Party or non-party asserting the confidentiality of such material, as the case may be.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party, including in depositions, document productions or otherwise.

3. SCOPE

3.1    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order, but this Order shall govern in the absence of such an agreement or order.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise

in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

   5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Any Party or non-party may designate Discovery Material as "confidential" by

5

affixing the notation "CONFIDENTIAL," or by affixing the notation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document, making a statement on the record of a deposition or hearing as to the portions to be designated as Protected Material, providing written communication to the respective undersigned counsel for the parties hereto, or by other appropriate means.

A Producing Party may designate a document as Protected Material after such document has been produced by following the procedures set forth below in subsection 5.3. Once designated, any such document shall be treated as Protected Material. A Receiving Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

5.3    Inadvertent Failures to Designate. The unintentional failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation. If the Producing Party notifies all Receiving Parties of an unintentional failure to designate materials as confidential, the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated. A Receiving Party shall not be in breach of this Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating

6

Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, which can be described generally if the challenge applies to multiple materials on the same or similar basis. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific subsection of the Protective Order. To the extent the Designating Party does not agree in writing to revise or remove the challenged designations as requested, the parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  The Designating Party shall maintain any burden to show the materials have been properly designated.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Party Representatives and In House Counsel of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are identified by the Receiving Party to the Designating Party by name and job title;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are informed of the terms of this Order and agree to be bound by this Order;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) while testifying at deposition, trial, or any other Court hearing in this action only: (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any former officer, director or employee of the Producing

9

Party or original source of the information if the Protected Material pertains to the period or periods of his or her employment; (iii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iv) any person who otherwise qualifies under any other provision in subsection 7.2;[2]

(h) any person with the prior written consent of the Designating Party; and

(i) any mediator who is assigned to hear this matter, including his or her staff, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) In House Counsel of the Receiving Party, provided that such In House Counsel have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), are not involved in competitive decision-making for the Receiving Party with regard to the subject matter of this litigation, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), and are identified by the Receiving Party to the Designating Party by name and job title;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

---

[2] To the extent that subsections (f)-(h) do not apply, a Receiving Party may make a request to a Designating Party to disclose "CONFIDENTIAL" information to a witness during their deposition where, prior to the deposition of the witness, the Receiving Party makes a written request to the Designating Party showing that disclosure of such "CONFIDENTIAL" information is reasonably necessary to examine the witness and providing a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the witness.  The Designating Party may deny the Receiving Party's request.

10

Bound" (Exhibit A), and (3) as to whom the procedures set forth in subsection 7.5(a)(1), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are informed of the terms of this Order and agree to be bound by this Order;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) while testifying at deposition, trial, or any other Court hearing in this action only: (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any former officer, director or employee of the Producing Party or original source of the information if the Protected Material pertains to the period or periods of his or her employment; (iii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iv) any person who otherwise qualifies under any other provision in subsection 7.3;[3]

(h) any person with the prior written consent of the Designating Party; and

(i)  any mediator who is assigned to hear this matter, including his or her staff, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)(1)  Unless otherwise ordered by the court or agreed to in writing by the

---

[3] To the extent that subsections (f)-(h) do not apply, a Receiving Party may make a request to a Designating Party to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to a witness during their deposition where, prior to the deposition of the witness, the Receiving Party makes a written request to the Designating Party showing that disclosure of such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is reasonably necessary to examine the witness and providing a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the witness.  The Designating Party may deny the Receiving Party's request.

Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to subsection 7.3(c) first must make a written request to the Designating Party[4] that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[5] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective subsections may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached,

---

[4]    For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise agreed by the Non-Party and the Party seeking to make the disclosure, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.
[5] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### 7.5 Designation of Deposition Transcripts

All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Stipulated Protective Order during the deposition and for a period of thirty (30) days after a final transcript of said deposition is received by counsel for each of the parties.  At or before the end of such thirty-day period, the deposition, or pages thereof, may be designated as Protected Material by any Party.  If any deposition or pretrial testimony is designated as Protected Material, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Protected Material.  Any Party may challenge the designation by following the procedure set forth in Section 6.

### 7.6 Designation at Hearings or Trial

In the event that a Party seeks to use Protected Material during any hearing or

13

trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Protected Material through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The Receiving Party may use such Protected Material only after taking such steps as agreed to by the Parties or as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Protected Material.

8. <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to the design, operation, or functionality of any systems, devices, or methods concerning nucleic acid isolation, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of Section 8, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this section does not include representing a party challenging a patent (including counsel for the Receiving Party) or a party defending the patent (including counsel for the Receiving Party) before a domestic or foreign agency (including, but not limited to, a reissue proceeding, *ex parte* reexamination or *inter partes* review), except that counsel for the party defending the patent, such as the patent owner (including counsel for the Receiving Party), may not participate, directly or indirectly, in drafting or advising on any amendments or alterations to any patent claim(s) in such proceedings. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

14

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a)    If a Receiving Party is served with a subpoena, document demand or other request under applicable federal or state law (collectively, a "Demand"), and the Discovery Material sought by the Demand was produced or designated as Protected Material by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission and a copy of the subpoena, document, or other request within five (5) business days of receipt of such Demand, to the Producing Party who produced or designated the material as Protected Material.

(b)    The Receiving Party shall not produce any of the Producing Party's Protected Material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party.

(c)    If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiving Party subject to the Demand that the Producing Party opposes production of its Protected Material, the Receiving Party shall object to the Demand, citing this Stipulated Protective Order, and shall not thereafter produce such Protected Material, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested production, including moving to quash the subpoena and/or seeking a protective order.  The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand.

(d)    Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring production of Protected Material covered by this Stipulated Protective Order, or to subject itself to any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand.

(e)    In the event that Protected Material is produced to a non-party to this Stipulated Protective Order in response to a Demand, such Discovery Material shall

15

continue to be treated in accordance with the designation by the parties to this Stipulated Protective Order.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[6] Absent a court order

_____

[6] The purpose of this provision is to alert the interested parties to the existence of

16

to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL</u>

(a) A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other privilege, immunity, or protections from disclosure ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.   The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party.   Upon written notification of inadvertent production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party.   If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless

---

confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1   a court later designates the Identified Materials as not privileged or protected.

2   (1) The Identified Materials shall be deleted from any systems used to
3   house the documents, including document review databases, e-rooms and any other
4   location that stores the documents. The Receiving Party may make no use of the
5   Identified Materials during any aspect of this matter or any other matter, including in
6   depositions or at trial, unless the documents are later designated by a court as not
7   privileged or protected.

8   (2) The contents of the Identified Materials shall not be disclosed to anyone
9   who was not already aware of the contents of them before the notice was made.

10   (b) If a Receiving Party receives Discovery Material that, on its face, appears to
11   be a Privileged Document, and does not know it to have been intentionally produced or
12   made available, the Receiving Party must refrain from examining the materials any
13   more than is essential to ascertain if the materials are privileged. The Receiving Party
14   shall immediately notify the Producing Party in writing that the Receiving Party
15   possesses material that appears to be privileged or otherwise protected from disclosure.
16   In the event alleged Privileged Documents were unintentionally disclosed, the
17   Producing Party may provide notice to the other parties advising of the disclosure and
18   requesting return or destruction of the Privileged Documents pursuant to this
19   subsection. The party returning the Identified Materials may move the Court for an
20   order compelling production of some or all of the material returned or destroyed, but
21   the basis for such a motion may not be the fact or circumstances of the production. This
22   stipulated agreement set forth in this subsection does not constitute a concession by any
23   party that any documents are subject to protection by the attorney-client privilege, the
24   work product doctrine or any other potentially applicable privilege or doctrine. This
25   agreement also is not intended to waive or limit in any way either party's right to contest
26   any privilege claims that may be asserted with respect to any of the documents produced
27   except to the extent stated in the agreement.

28   13.   <u>MISCELLANEOUS</u>

18

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.4 Discovery Material shall be utilized by recipients only for purposes of this litigation and for no other purposes.

13.5 Any person receiving Protected Material shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Stipulated Protective Order.

13.6 Extracts and summaries of Protected Material shall also be treated as confidential in accordance with the provisions of this Stipulated Protective Order.

13.7 The production or disclosure of Protected Material shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other

19

information in this litigation or in any other action.

13.8   This Stipulated Protective Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulated Protective Order or any provisions thereof by properly noticed motion to the Court. This Stipulated Protective Order shall not prevent a Party from arguing that certain documents are so sensitive that they should not be produced even under this Stipulated Protective Order or from seeking further protection for certain documents.

13.9   The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulated Protective Order by either Party and agrees that under such circumstances the Parties will be entitled to specific performance, and/or injunctive relief, to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

13.10 The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Stipulated Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Central District of California.

13.11 This Stipulated Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Protected Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Material that has been obtained lawfully by such Party independently of the proceedings in this litigation.

13.12 In the event that additional parties join or are joined in this litigation, they shall not have access to Protected Materials until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

13.13 The parties agree to be bound by the terms of this Stipulated Protective

20

Order pending the entry by the Court of this Stipulated Protective Order (including as to any materials that have already been produced in this litigation), and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulated Protective Order had been entered by the Court.

13.14 This Stipulated Protective Order shall continue to be binding after the conclusion of this Litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed and maintained under seal), documents containing Protected Material filed under seal with the Court that are eventually unsealed, either voluntarily or pursuant to Court order, or documents containing Protected Material of a Designating Party that are filed unsealed by the Designating Party; and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulated Protective Order.

13.15 Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

13.16 This Stipulated Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulated Protective Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

13.17 This Stipulated Protective Order may be changed by further order of this Court, and is without prejudice to the right of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.  All modifications of, waivers of, and amendments to this Stipulated Protective Order must be in writing and signed by, or on behalf of, the Parties.

14.   DISCOVERY FROM EXPERTS

(a) Testifying Experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying Expert and/or his or her staff are also exempt from discovery.

(b)  Discovery of materials provided to testifying Experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying Expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any non-testifying Expert except to the extent that such non-testifying Expert has provided information or opinions to a testifying Expert relied upon, and not independently verified, by that testifying Expert in forming his or her final report(s), trial and/or deposition testimony, or any opinion in this case.

(c)  No conversations or communications between counsel and any testifying or consulting Expert will be subject to discovery unless the conversations or communications are relied upon by such Experts in formulating opinions that are presented in reports or trial or deposition testimony or any opinion in this case.

(d)  Materials, communications, and other information exempt from discovery under the foregoing subsections (a)-(c) shall be treated as attorney work product and need not be listed on a privilege log.  Notwithstanding the provisions of this subsection (d), if a testifying Expert conducts or relies on partial or full results of experiments, tests, or studies that form the opinion of a testifying Expert, nothing herein prevents a Party from seeking discovery into the full results of such experiments, tests, or studies.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the option of the Receiving Party. As used in this subdivision,

22

"all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that confirms compliance with this provision. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports and exhibits, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 6, 2025          WINSTON & STRAWN LLP

By: _/s/ Rex Mann_
Rex Mann
Attorneys for Plaintiff
QIAGEN GMBH

Dated: February 6, 2025          WEIL, GOTSHAL & MANGES LLP

By: _/s/ Derek Walter_
Derek Walter
Attorneys for Defendant
ZYMO RESEARCH CORPORATION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: February 11, 2025

HON. DOUGLAS F. MCCORMICK
United States Magistrate Judge

23

1

2

## **ATTESTATION**

3        Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories

4  listed, and on whose behalf this filing is submitted, concur in the filing's content, and

5  have authorized the filing.

6

7  Dated:  February 6, 2025            By: */s/ Rex Mann*

8                                                        Rex Mann

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of

_____

_____ [**full address**],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *QIAGEN GMBH v. ZYMO RESEARCH CORPORATION*, **Case No. 8:24-cv-01832-FWS-DFM**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Present occupation/job description: _____

Name of company or firm: _____

Signature: _____

1